# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO CLARK<br>*Plaintiff* | : CIVIL ACTION<br>:<br>: |
| v. | : NO. 13-2204<br>: |
| CITY OF PHILADELPHIA, *et al.*<br>*Defendants* | :<br>: |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO, J                                              OCTOBER 25, 2013

### INTRODUCTION

Before this Court are Defendants' *second motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule)12(b)(6)* counts I, II, IV, and V of Antonio Clark's (Plaintiff) § 1983 civil rights amended complaint [ECF 7], Plaintiff's response [ECF 10], and the amended complaint [ECF 8]. The parties have briefed the issues presented and the matter is ripe for disposition.

In the motion to dismiss, Defendants argue that all the counts in the amended complaint, with the exception of the malicious prosecution claim, should be dismissed as being either barred by the expiration of the applicable statute of limitations, or precluded by *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978) and/or the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541.

In response, Plaintiff argues that the motion to dismiss is procedurally defective since it seeks the dismissal of the original complaint and not the amended complaint. Alternatively, Plaintiff argues that under the facts alleged, the statute of limitations should be equitably tolled. He further argues that the determination of whether the statute of limitations is equitably tolled is a jury question and not one to be made at the motion to dismiss stage.

BACKGROUND

The allegations in Plaintiff's § 1983 civil rights amended complaint against Defendants City of Philadelphia (City), Police Officer Michael Vargas, and Police Officer Dominic Mathis (collectively, Defendants) can be summarized as follows:

> On January 9, 2008, in the City of Philadelphia, Pennsylvania, Plaintiff was assaulted by Police Officer Vargas and Police Officer Mathis, who, individually and collectively, conspired to attack, falsely arrest, detain, and charge Plaintiff with possession of a controlled substance with intent to deliver, simple possession of a controlled substance, and tampering with physical evidence. As a result of the attack, Plaintiff suffered serious injuries and pain which he continues to suffer. At the time, Plaintiff was on state parole, which was revoked, causing him to lose two part-time jobs. Plaintiff avers that Defendant City, by and through its agents acting under color of law, was negligent in supervising the officers.
> 
> Plaintiff charges Defendants with: conspiracy, violations of federal rights, bystander liability, a *Monell* claim, false arrest/false imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and negligence, all related to the January 2008 assault and arrest.[1]
> 
> Plaintiff also avers that he hired Daniel Scott Perrine, his criminal defense counsel, in December 2008, to represent him in a civil lawsuit to be filed against Defendants regarding these violations. Sometime in 2009, Mr. Perrine is alleged to have pled guilty to unrelated felony charges and abandoned his case.

Plaintiff argues that Defendants' motion to dismiss should be denied on a procedural technicality, since the original complaint, not the amended complaint, was attached to the motion to dismiss. This Court finds that any perceived procedural defect that relates to the original complaint is deemed cured by the arguments contained in the motion to dismiss. The inadvertent attachment of the original complaint has not affected the merit of the arguments made. Further, the allegations in the amended complaint are almost identical to those contained in the original complaint.[2] Thus, Plaintiff has not suffered any prejudice by Defendants' oversight. Clearly, Defendants' argument is that Plaintiff's amended complaint, with the exception of the malicious

---

[1] On October 11, 2012, a jury acquitted Plaintiff of the criminal charges.
[2] Although Defendants argue that Defendant Philadelphia Police Department should be dismissed, this entity is not a named defendant in the amended complaint. As such, the argument is superfluous and irrelevant.

2

prosecution claim, is time-barred and should be dismissed. Based upon the arguments made, the issues before the Court are: the applicable statute of limitations, whether the statute expired and, if so, whether equitable tolling applies to Plaintiff's claims.

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir. 1987). Rule 12(b)(6) provides that the defendant bears the burden of demonstrating that the plaintiff has failed to state a claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008), (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002), indicating that the Rule 12(b)(6) standard statement remains acceptable following the decision in *Bell Atlantic Co. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). To withstand a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Phillips,* 555 F.3d at 232 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965). This standard "simply calls for enough facts [asserted taken as true] to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965) (quotations omitted).

**DISCUSSION**

*Applicable statute of limitations*

Generally, a cause of action accrues and the statute of limitations begins to run when "the first significant event necessary to make the claim suable" occurs. *Ross v. John-Manville Corp.,*

3

766 F.2d 823, 826 (3d Cir. 1985).The accrual date of a civil rights action is a question of federal law that is *not* resolved by reference to state law. *Frasier-Kane v. City of Philadelphia of Philadelphia*, 517 Fed. Appx. 104, 106 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007) (emphasis in original). Under federal law, a cause of action accrues and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir.2009) (quoting *Sameric Corp. v. City of Philadelphia of Philadelphia*, 142 F.3d 582, 599 (3d Cir.1998)). The cause of action accrues even though the full extent of the injury is not then known or predicted. *See Wallace,* 549 U.S. at 391, 127 S.Ct. at 1097, 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991).

The statute of limitations period for a § 1983 civil rights action is the limitations period for personal injury torts in the state where the cause of action arose. *Wallace*, 549 U.S. at 387, 127 S.Ct. at 1091. Plaintiff's cause of action arose in Pennsylvania. Thus, the state's two-year statute of limitations governing personal injury claims applies to Plaintiff's civil rights claims. *See* 42 Pa. C.S.A. § 5524(2)[3]; *Kach*, 589 F.3d at 634; *Garvin v. City of Philadelphia*, 354 F. 3d 215, 220 (3d Cir. 2003).

Fourth Amendment claims of false imprisonment are similar to those for false arrest as these are both "grounded in the Fourth Amendment guarantee against unreasonable seizures". *Gorman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995). An arrest lacking probable cause, in violation of the Fourth Amendment, provides a plaintiff a claim under § 1983 for false imprisonment based upon the detention made pursuant to the illegal arrest. *Gorman,* 47 F. 3d at 636. The statute of limitations for the alleged false imprisonment begins to run when the false

---

[3] 42 Pa. C.S.A. § 5524(2) provides that an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another must be commenced within two years.

4

imprisonment ends; *i.e.*, when the individual becomes detained pursuant to legal process or when released. *See Wallace*, 549 U.S. at 397, 127 S.Ct. at 1100; *Woodard v. Gillespie*, CIV. A. 94-3547, 1994 WL 561916 (E.D. Pa. Oct. 14, 1994) (citing *Rose v. Bartle,* 871 F.2d 331, 350 (3d Cir.1989)). The statute of limitations period for a § 1983 claim seeking damages based on a false arrest, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *See also Dique v. New Jersey State Police*, 603 F.3d 181, 187 (3d Cir. 2010). Although the amended complaint does not indicate when Plaintiff was formally arraigned, it is undisputed that he was arrested on January 9, 2008, and that his state parole was revoked. It is fair, however, to surmise that shortly thereafter Plaintiff was arraigned. As stated, the gravamen of a false imprisonment cause of action is a detention without legal process. Once a legal process occurs the claim of false imprisonment necessarily ends. *Hunt v. City of Scranton*, 236 Fed. Appx. 740, 743 (3d Cir. 2007). At that point, the statute of limitations begins to run for the claim of false imprisonment.

A claim for assault and battery accrues on the date of the alleged assault. *See Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Plaintiff claims the assault occurred on January 9, 2008, the day he was arrested. He also claims that the Defendant police officers conspired to and did, in fact, violate his constitutional rights on the day he was arrested. A claim for conspiracy is subject to the two-year statute of limitations, and accrues on the day the conspiracy arises. *See* 42 Pa.C.S. § 5524(7); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). To sustain a claim for civil conspiracy under § 1983, a plaintiff must show: (1) the existence of an agreement between two or more co-conspirators; (2) the plaintiff was deprived of a constitutional right; and (3) the conspirators acted under color of state law. *Parkway Garage Inc. v. City of Philadelphia,* 5 F.3d 685, 700 (3d. Cir. 1993). Accepting the

5

factual allegation of the complaint as true, the conspiracy between the police officers to assault, arrest, detain, and criminally charge Plaintiff accrued, no later than, the day of his arrest.

Likewise, Plaintiff's claim of 'bystander liability' against Police Officers Mathis and Police Officer Vargas, charging each police officer with an independent obligation to prevent the unconstitutional acts the other officer inflicted upon Plaintiff, if a viable claim, accrued on the date of the assault and arrest. Neither party has provided any authority for the existence of such a claim. Notwithstanding, because this 'bystander liability' claim is based on the same alleged unconstitutional police misconduct, it accrued on the date of the arrest, and is subject to the same two-year statute of limitations.

Plaintiff's claim of intentional infliction of emotional distress against all Defendants does not escape the same ambit of Pennsylvania's two-year statute of limitations. *Ormsby v. Luzerne Cnty. Dep't of Pub. Welfare Office of Human Servs.*, 149 Fed. Appx. 60, 62 (3d Cir. 2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-267, 105 S.Ct. 1938, 19460; *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Similarly, the claim of intentional infliction of emotional distress accrued on the day of the arrest.

Plaintiff asserts as a separate count a so-called "*Monell*" claim under 42 U.S.C. § 1983. Because this claim is also based upon the events that occurred and the injury Plaintiff allegedly suffered on January 9, 2008, as a result of his purported unlawful arrest and assault, this claim is also barred by the applicable two year statute of limitations. 42 Pa. C.S.A. § 5524; *Garvin,* 354 F.2d at 220.

Plaintiff also asserts as a separate count a negligence claim against the Defendant City, based upon the same injury he allegedly suffered as a result of his unlawful arrest and assault.

6

Under Pennsylvania law, claims of negligence are subject to the two-year statute of limitations. Therefore, this claim is likewise barred by the applicable statute of limitations.

Notwithstanding, the *Political Subdivisions Tort Claims Act*, 42 Pa. C.S.A. § 8541, *et seq.* ("Act"), essentially provides that no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of a local agency or an employee thereof or any other person unless the claim falls within one of the specific enumerated exceptions. *Id.*, §8541. Plaintiff's claim of negligence against Defendant City does not fall within any of the enumerated exceptions, and as such is legally barred.[4]

Consideration of the allegations of civil rights violations (as these relate to the false arrest and false imprisonment, the conspiracy, assault and battery claims, the bystander's liability claim, and the claim of intentional infliction of emotional distress), the *Monell* and negligence claims in Plaintiff's amended complaint, the injuries suffered, the two-year statute of limitations applicable to each instance of alleged civil rights violation, (each, accruing on the date of his arrest), and the fact that Plaintiff did not file a civil complaint until October 2012,[5] more than four years after the arrest and well beyond the two-year statute of limitations, supports a finding that Plaintiff's initial and amended complaints are time-barred. However, before this definite determination is made, the Court must determine whether Plaintiff's equitable tolling argument has merit.

---

[4] The eight exceptions that allow liability to be imposed on a local agency are as follows: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) side-walks; and (8) care, custody, or control of animals. 42 Pa.C.S. § 8542; *Jones v. City of Philadelphia*, 893 A.2d 837, 843, n. 4 (Pa. Cwlth. 2006).

[5] The state court action was removed to federal court on April 24, 2013.

*Equitable tolling*

To overcome the apparent untimeliness of his claims, Plaintiff argues that the statutes of limitation should be equitably tolled. Equitable tolling, however, is extraordinary relief and appropriate only when: (1) a defendant actively misleads a plaintiff regarding his cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claim in the wrong forum. *Lake,* 232 F.3d at 370 n. 9. It appears that Plaintiff concedes that points 1 and 3 are not applicable and, instead, limits concentrates his argument to his contention that he was prevented from timely asserting his claims as a result of other extraordinary circumstances or 'fraud or its equivalent' he attributes to his former counsel's alleged ineffectiveness.

As part of his argument, Plaintiff relies on *ASTech International, LLC v. Husick,* 676 F. Supp. 2d 389, 397 (E.D. Pa. 2009)[6] (citing *Wachovia Bank, N.A. v. Ferretti,* 935 A.2d 565, 572 (Pa. Super. 2007)) to emphasize an exception to the "occurrence rule", which states that a "statutory period commences upon the happening of the alleged breach of duty." *Wachovia Bank, N.A.,* 935 A.2d at 572-74. Plaintiff argues that an exception to the occurrence rule occurs where the relevant facts are deemed to have been fraudulently concealed from the plaintiff. *ASTech International, LLC,* 676 F. Supp. 2d at 397. In such a situation, the statute of limitations is tolled until the plaintiff either discovers or reasonably should have discovered the fraud. *Hoppe v. SmithKline Beecham Corp.,* 437 F. Supp. 2d 331, 336 n. 4 (E.D. Pa. 2006). Plaintiff's

---

[6] This is a patent application case, wherein the court granted defendants' motion for summary judgment as to all professional negligence and misrepresentation claims based on actions that occurred before the date the clients revoked the power of attorney, and as to all claims from the allegedly unprofessional prosecution of the identification invention patent application. The court otherwise denied defendants' motion and held the case in abeyance pending a final decision on the clients' patent applications.

reliance is misplaced and, he further confuses equitable tolling with the discovery rule doctrine, which is inapplicable here.

The discovery rule tolls the statute of limitations until a plaintiff actually discovers or reasonably should have discovered the harm caused by an earlier inflicted latent injury. *See Ayers v. Morgan*, 154 A.2d 788 (1959). The circumstances under which the discovery rule can be invoked depend on the nature of the injury rather than any specific characteristics unique to the plaintiff that might otherwise prevent a plaintiff from recognizing the injury as a cause of action. *Lake v. Arnold*, 232 F. 3d 360 (3d Cir. 2000). The distinction between equitable tolling and the discovery rule was clarified in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, (3d Cir. 1994); *to wit*:

> [T]he discovery rule and the equitable tolling doctrine are similar in one respect and different in another. The doctrines are similar in that each requires a level of diligence on the part of the plaintiff; that is, each requires the plaintiff to take reasonable measures to uncover the existence of injury. The plaintiff who fails to exercise this reasonable diligence may lose the benefit of either doctrine. The two doctrines differ, however, with respect to the type of knowledge or cognizance that triggers their respective applications. The discovery rule keys on a plaintiff's cognizance, or imputed cognizance, of *actual injury*. Equitable tolling, on the other hand, keys on the plaintiff's cognizance, or imputed cognizance, of the *facts supporting the plaintiff's cause of action*. Underlying this difference between the discovery rule and equitable tolling is the more fundamental difference in purpose between the two rules. The purpose of the discovery rule is to determine the accrual date of a claim, for ultimate purposes of determining, as a legal matter, when the statute of limitations begins to run. Equitable tolling ... presumes claim accrual. Equitable tolling steps in to toll, or stop, the running of the statute of limitations in light of established equitable considerations.

*Id.* at 1390 (emphasis in original); *Forbes v. Eagleson*, 228 F.3d 471, 486 (3d Cir. 2000).

Plaintiff's theory for the equitable tolling of the statute of limitations depends on the alleged misrepresentations made by his former defense counsel. Allegedly, said counsel had advised Defendants of Plaintiff's intentions to file a civil rights violation complaint and counsel's failure to file a complaint in time to preserve his rights. Plaintiff contends that

counsel's misrepresentation amounts to a "fraud or its equivalent" or "extraordinary circumstance", sufficient to toll the statute of limitations.

This Court finds no merit to Plaintiff's argument and opines that under the circumstances, neither the discovery rule nor equitable tolling is applicable or warranted here. As stated in *Oshiver*, a plaintiff who fails to exercise reasonable diligence may lose the benefit of either doctrine. *Id.*, 38 F.3d at 1390. While an attorney's negligence and abandonment of his client might constitute grounds for equitable tolling in certain situations, a plaintiff is still required to exercise due diligence in discovering and prosecuting his claims. This due diligence includes, at a minimum, communicating with his attorney and ascertaining the status of the complaint, if any, and the posture of the claims asserted. Plaintiff failed to assert any facts to establish the requisite due diligence on his part. Moreover, the alleged conduct by said counsel did not prevent Plaintiff from discovering his injury or the facts underlying his claims.

To the contrary, Plaintiff was aware of his claims the day he was allegedly injured/arrested or no later than December 2008 when he had the alleged conversation with his counsel; he knew of his assault, the false imprisonments, the officers involved, and his injuries. There was nothing to "discover" with respect to any of the alleged civil rights violations, as he was fully cognizant of all the pertinent facts; nor has Plaintiff articulated any impediment in personally pursuing his claim within the two-year statute of limitations. Plaintiff does not provide any explanation or reason for his own inaction following Mr. Perrine's conviction and alleged abandonment of his case. Thus, Plaintiff has not alleged facts sufficient to warrant tolling of the statute of limitations under Pennsylvania or federal law.

As a final argument, Plaintiff contends that the determination of whether equitable tolling applies is for the jury to decide. While the issue of tolling often involves questions of fact more

properly left to the fact finder, such is not the case here where Plaintiff has the burden of articulating facts sufficient to establish a fraudulent concealment by Defendants or other extraordinary circumstances, and has failed to do so. *See In re Lower Lake Erie iron Ore Antitrust Litig.*, 998 F.2d 1144, 1179 (3d Cir. 1993). Under the facts alleged, and in the complete absence of any extraordinary circumstances, fraud or misleading involvement committed by Defendants, and in consideration of Plaintiff's lack of due diligence, this Court finds that equitable tolling of the statute of limitations is not appropriate in this case, and the issue need not be referred to a jury.

**CONCLUSION**

For the reasons set forth above, this Court grants Defendants' second *motion to dismiss.* Consequently, Counts I, II, IV, and V of the amended complaint are dismissed with prejudice. The only surviving claim in Plaintiff's amended complaint is Count VI, malicious prosecution. An appropriate order follows.

Nitza I. Quiñones Alejandro, J.