# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO CLARK<br>*Plaintiff*<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*<br>*Defendants* | CIVIL ACTION<br><br>NO. 13-2204 |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO, J                                                              SEPTEMBER 25, 2014

## INTRODUCTION

Presently before this Court is a motion for summary judgment filed by Defendant City of Philadelphia ("the City") on June 23, 2014, pursuant to Federal Rule of Civil Procedure (Rule) 56(c), seeking to dismiss the Count VI – Malicious Prosecution claim of Antonio Clark's (Plaintiff) amended complaint[1] based upon the following reasons: (1) the lack of evidence that the City, through either a custom, policy, or practice, exhibited deliberate indifference to Plaintiff's constitutional rights; and (2) Plaintiff cannot recover against the City under either a negligent hiring, retention, or supervision theory because none of these contentions falls within the eight (8) narrowly construed exceptions to Pennsylvania's Political Subdivision Tort Claims Act. [ECF 22]. Despite the passage of time, Plaintiff has filed no response to the motion. This matter is ripe for disposition.

For the reasons stated herein, the City's motion for summary judgment is granted.

---

[1] By an Order dated October 25, 2013, with an accompanying memorandum opinion, this Court granted Defendants City, Police Officer Michael Vargas, and Police Officer Dominic Mathis' motion to dismiss all claims in Plaintiff's amended complaint except Count VI – Malicious Prosecution. [ECF 15, 16].

## BACKGROUND

Consistent with the memorandum opinion issued October 25, 2013, for purposes of the motion for summary judgment, the factual allegations in Plaintiff's amended complaint against the City can be summarized as follows:

> On January 9, 2008, in the City of Philadelphia, Pennsylvania, Plaintiff was assaulted by Police Officer Michael Vargas ("Vargas") and Police Officer Dominic Mathis ("Mathis"), who, individually and collectively, conspired to attack, falsely arrest, detain, and charge Plaintiff with possession of a controlled substance with intent to deliver, simple possession of a controlled substance, and tampering with physical evidence. As a result of the attack, Plaintiff suffered and continues to suffer serious injuries and pain. At the time of this assault, Plaintiff was on state parole, which was revoked. Due to his detention, Plaintiff lost two part-time jobs. On October 11, 2012, a jury acquitted Plaintiff of the criminal charges. Plaintiff avers that Defendant City, by and through its agents acting under color of law, was negligent in supervising the officers.

> Procedurally:

> On March 24, 2013, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County, charging Defendants with: conspiracy, violations of federal rights, bystander liability, a *Monell* claim,[2] false arrest/false imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and negligence, all related to the January 2008 assault and arrest. The matter was removed to federal court on April 24, 2013.[3] Plaintiff filed an amended complaint on May 20, 2013.[4]

> As stated, by Order dated October 25, 2013, this Court granted Defendants' motion to dismiss all claims in Plaintiff's amended complaint, with the exception of Count VI – Malicious Prosecution.[5] On June 23, 2014, Defendant City filed the instant motion for summary judgment.

## STANDARD OF REVIEW

When deciding a motion for summary judgment under Rule 56(c), a court must determine whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits

---

[2] *Monell v. New York Department of Social Services*, 436 U.S. 658, 690 (1978).
[3] [ECF 1].
[4] [ECF 8].
[5] [ECF 15, 16].

2

show that there is a genuine dispute of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hontz v. Berks County Prison*, 2014 WL 1123376, at *4, slip op. (E.D. Pa. Mar. 21, 2014) (quoting *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999) (internal citation and quotation marks omitted); *see also Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A disputed issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party. *See Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is material only if it might affect the outcome of the suit under governing law. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)); *Doe v. Luzerne County*, 660 F.3d 169, 175 (3d Cir. 2011), *aff'd*, 570 F.App'x 220 (3d Cir. 2014) (citation omitted). A court's task is not to resolve disputed issues of fact, but instead, to determine whether there exists any factual issues to be tried. *See Anderson*, 477 U.S. at 248-49.

The moving party bears the initial burden of showing that there is no genuine issue of material fact and is, therefore, entitled to relief. *See Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its initial burden, the nonmoving party must present "specific facts showing that there is a genuine issue for trial," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)), and offer concrete evidence supporting each essential element of the claim. *See Celotex Corp.*, 477 U.S. at 322-23. The nonmoving party must show more than "[t]he mere existence of a scintilla of evidence" for elements on which said party bears the burden of production, *Anderson*, 477 U.S. at 252, and

3

may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, New Jersey v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982); Fed. R. Civ. P. 56(e). There must be evidence on which the jury could reasonably find for the nonmovant. *See Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (quoting *Anderson*, 477 U.S. at 252).

In deciding a motion for summary judgment, the reviewing court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Scheidemantle*, 470 F.3d at 538; *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 770 (3d Cir. 2009). If there is no factual dispute or issue and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. *Anderson*, 477 U.S. at 250.

**DISCUSSION**

In Count VI of the amended complaint, which encompasses the *Monell* / 42 U.S.C. §1983 ("§1983") claim, Plaintiff contends that:

> The City of Philadelphia, in negligently training and supervising its agents, officers, employees and/or workers including Officers Vargas and Mathis, in the requirement to prepare and submit accurate police reports as well as the requirement for probable cause to exist prior to arresting a citizen, caused Plaintiff, to be arrested and charged with criminal charges, which violated the terms of Plaintiff's state Parole[.][6, 7]

Plaintiff further alleges that the City's negligent training and supervision led to his arrest, made without probable cause, spurring the malicious prosecution claim.[8]

---

[6] Am. Compl. ¶80. [ECF 8].
[7] The amended complaint contains two "Count VI": Count VI – Malicious Prosecution (Plaintiff v. All Defendants) at page 15, and Count VI – Intentional Infliction of Emotional Distress (Plaintiff v. All Defendants) at page 17. Here, the reference in the motion for summary judgment is to Count VI – Malicious Prosecution, only.
[8] Am. Compl. ¶¶81, 83, 84.

4

To state a claim under §1983, a plaintiff must allege a violation of a right secured by the Constitution and/or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013). Section 1983 does not provide substantive rights, but instead "provides a remedy for the deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004).

A governmental entity, however, may not be held liable under §1983 for constitutional violations caused solely by its employees or agents under the principle of *respondeat superior*. *Monell v. New York Department of Social Services*, 436 U.S. 658, 690 (1978). Rather, a municipality may be held liable under §1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id.* at 694. Thus, liability may be imposed on a municipality only where its official policy or custom "causes" an employee to violate another person's constitutional rights. *Id.*; *see also Brown v. School Dist. of Philadelphia*, 456 F.App'x 88, 90 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010)). A governmental policy or custom can be established in two ways: Policy is made when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986); *Monell*, 436 U.S. at 690). "Custom requires proof of

knowledge and acquiescence by the decision maker." *McTernanan v. York*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir. 2007)). In either instance, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990); *see also Andrews*, 895 F.2d at 1480. In addition, for municipal liability to arise, a plaintiff must first show an underlying constitutional violation. *See Marable v. West Pottsgrove Twp.*, 176 F.App'x 275, 283 (3d Cir. 2006) (holding that "a municipality may not incur *Monell* liability as a result of the actions of its officers when its officers have inflicted no constitutional injury."). Therefore, to support a §1983 claim against Defendant City, Plaintiff must produce sufficient evidence to demonstrate: (1) the deprivation of a constitutional right; and (2) that such deprivation arose out of an official policy or custom of the City.

Turning to the matter at hand, discovery in this action was to be completed by May 23, 2014, and dispositive motions were to be filed by June 23, 2014.[9] Though the City filed a timely motion, Plaintiff has failed to respond in any form. Plaintiff has, therefore, not rebutted Defendant City's argument and, thus, failed to meet his summary judgment burden that there exists no genuine dispute for trial or on which a jury could reasonably find for him, *i.e.*, Plaintiff has not offered any facts demonstrating that any deprivation of a constitutional right arose out of an official policy or custom of Defendant City. Pursuant to Rule 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). *See also*

---

[9] [ECF 20].

*Jakimas*, 485 F.3d at 777 (if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," summary judgment is proper as such a failure "necessarily renders all other facts immaterial.") (citing *Celotex Corp.*, 477 U.S. at 322-23)). Thus, having carefully reviewed and assessed the facts, evidence, and arguments set forth in the City's motion for summary judgment and Plaintiff's failure to respond, this Court is compelled to grant the motion for summary judgment.

In addition, the Political Subdivisions Tort Claims Act, 42 Pa. C.S.A. §8541, *et seq.* ("Tort Claims Act") provides that no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of a local agency or an employee thereof or any other person unless the claim falls within one of the specific enumerated exceptions. *Id.*, §8541. In its prior Order, this Court determined that Plaintiff's claim of negligence against Defendant City does not fall within any of the enumerated exceptions of the Tort Claims Act, and as such was legally barred.[10] To the extent Plaintiff's claim at Count VI is premised on allegations of negligent training and supervision, the City's motion for summary judgment is also granted on this basis, *i.e.*, this claim does not fall within any of the enumerated exceptions of the Tort Claims Act.

Having now dismissed all of the federal claims over which this Court had original jurisdiction pursuant to 28 U.S.C. §1367(c)(3), all that remains is Plaintiff's state law malicious prosecution claims against the individual Defendant Police Officers. Under the circumstances, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *See*

---

[10] The eight enumerated exceptions that allow liability to be imposed on a local agency are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa.C.S. §8542; *Jones v. City of Philadelphia*, 893 A.2d 837, 843, n. 4 (Pa. Cwlth. 2006).

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed."). Therefore, Plaintiff's state law claims for malicious prosecution at Count VI of the amended complaint against Defendant Police Officers Vargas and Mathis are dismissed, without prejudice.

**CONCLUSION**

For the reasons set forth above, Defendant City's motion for summary judgment is granted and the claim of malicious prosecution at Count VI against the City is dismissed with prejudice. The state law claims of malicious prosecution against the Defendant Police Officers are dismissed without prejudice. An appropriate order follows.

*NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.*